83,883-01

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 13 2015

IN THE TEXAS COURT OF CRIMINAL APPEALS Acosta, Clerk

| EX PARTE: | § | APPLICATION FOR WRIT OF |
| | § | HABEAS CORPUS FROM |
| RICKY JOE SHUGART | § | 336TH JUDICIAL DISTRICT COURT |
| | § | OF FANNIN COUNTY, TEXAS |

## TRIAL COURT WRIT #CR-13-24788-A
## CLERK'S SUMMARY SHEET
## SUPPLEMENT II

APPLICANT'S NAME: RICKY JOE SHUGART

OFFENSE: POSS MARJ >50LBS<=2,000 LBS

CAUSE NO: CR-13-24788

SENTENCE: (10) TEN YEARS INSTITUTIONAL DIVISION, TDCJ

TRIAL DATE: MARCH 6TH, 2014

TRIAL COURT JUDGE: HON.LAURINE J. BLAKE

APPEAL NO:

CITATION TO OPINION: _____

HEARING HELD: _____YES _____NO

FINDINGS & CONCLUSIONS FILED: _____YES _____NO

RECOMMENDATIONS:

# C A P T I O N

THE STATE OF TEXAS                    §

COUNTY OF FANNIN                      §


At a regular term of the 336th District Court begun and holden within and for the County of Fannin and State of Texas, before the Honorable Laurine Blake, Judge thereof presiding, which term began on the 1st day of January, 2013, and which will terminate on the 31st day of December, 2016, the following cause came on for hearing, to-wit:


EX PARTE:

RICKY JOE SHUGART                    NO.CR-13-24788-A


Post-Conviction Writ of Habeas Corpus


NANCY YOUNG
Fannin County District Clerk

By _Kristy Ellison_ , DEPUTY CLERK

1.

# CRIMINAL DOCKET

**Cause No.: CR-13-24788-A**

| | |
|---|---|
| **Court:** | 336th District Court |
| **File Date:** | August 06, 2015 |

## STYLE OF CASE
### STATE OF TEXAS VS. Ricky Joe Shugart

| | |
|---|---|
| **OFFENSE:** | Writ Habeas Corpus - Post Conviction |
| **OFFENSE DATE:** | August 06, 2015 |

**ATTORNEYS:**
State:
Defendant:

| Date of Orders Mo. Day Year | ORDERS OF COURT |
|---|---|
| 9-4-15 | State or writ' et files affidavit from his counsel; it takes matter under advisement - State 9-9-15 8:30am _Pyke_ |
| 9-9-15 | Trial court forward to Ct. crim App for Review; Court recommends respectro of issues in points 3, 5 & 4 be remanded to trial court for initiating hearing or review of affidavits/records Pyke Trial court after court reporter transcribe plea hearing (3-10-15) Pyke to include in record pleas |

2

EX PARTE:  §  APPLICATION FOR WRIT OF
§  HABEAS CORPUS FROM
RICKY JOE SHUGART  §  336TH DISTRICT COURT
§  OF FANNIN COUNTY, TEXAS

## SUPPLEMENT II OF WRIT
## UNBLINDED, NEW FACTS JUST KEEP SUBMERGING

TO THE HONORABLE JUSTICES OF SAID COURT:

HAVING BEEN BLINDFOLDED ALL THROUGH THE CRIMINAL PROSECUTION of this case by my Counsel, new facts just keep submerging relevant to this Honorable Court's decision.

As stated in the brief supporting the motion for evidentiary hearing, (Clerk's Record pages 20-39), any disruptive action on part of defense Counsel, as he repeatedly advised, would result in enhancement 25-99; I was told just prior to pleading guilty, that we did not want the Judge to reject the plea and it was best to just answer "yes" or "no". I knew from prior observation that the State often read a summary of the facts about the conviction at this time, but had no idea whether that would occur in my case, nor that I would be in effect agreeing to those statements by stipulation. I wasn't advised on the nature of what those

cont.

stipulations might be about prior to pleading guilty. And so, when the trial Judge stated in the sentence, prior to her asking the State to read the stipulations, that the Court did in fact accept the plea of guilty (Record page 64), I did not pay attention. Furthermore, when many of these facts were read into the record the State's Attorney spoke in a low muffled voice which I could not hear what was said (he had a purpose for doing this as well). My whole point here Your Honor, is that until the day I had recieved the "Clerk's Record" (Sept. 15, 2015)(and inside, the vebatim transcripts of the plea hearing (p. 13-14)) I had never knew thele facts, because my defense counsel did not discuss the case with me prior to pleading guilty. Please see the transcripts at Clerk's Record page 64-66? First I laid eyes on them, Sept 15, 2015.

Note that all through the very thorough assessment of the facts (as I knew them in this case) in 'My Brief at "Backgrounds"—there is no mention as to police going to my houses to do a 'Knock & talk' and when nobody answered the door as police rounded the corner to try the back door they observed a huge greenhouse right there & could see clearly right through the cover the plants — my counsel never told me this— and if he had I would have told him thats absurdly impossible. First there is no back door, Second there's two houses

Cont.

Eight (8) foot apart side-by-side so why just knock at the front door of one and not the other — that the States Attorney characterizes as a "separate building" (see transcripts 14:10) where police ran in and arrested me; thirdly, you can't even see the greenhouse as you 'round a corner' of the houses—its behind a U-Haul box truck & huge low cedar trees (see attached diagram); and finally the cover is "opaque" or transluent (allows sunshine but not viewing).

Note that trial Counsel observed the above facts & still tried to cover it up by not mentioning it in his 'Affidavit of Donald K. Hoover' (Record at 48-51), specifically at Id. 49, 2nd parag. (he had no idea transcripts were ordered).

Note my brief states "Mr. Shugart was never advised of Art. 481.002 (23) SIC (8) nor to this day as to the weight determined in [the] charge," (Record 28; Brief pg. 9), by trial Counsel. Now look what the stipulation says, (Record 66; Transc.s 1511-2), "[A]ll of the marijuana was removed from the property and weighed in excess of 300 pounds". Again Sept. 15, 2015 is first I knew of this even though I'd been getting denied on parole for excess quantities (Record 32; my Brief p 13). Its undisputed there were 43 plants small to large. Id. at 64. This means, without knowing it I plead guilty to "in excess" of 38 lb.s of marijuana per 5 plants; 75 lb.s marijuana per 10 plants; and near a semi-truck load per 43 plants! IMPOSSIBLE!!! Do you know what 300 lb.s looks like? 8 bails of Hay.

cont.

More importantly, do you know what this does to a man's chances of making parole. Straight up, TDC has a predictable custom. The vast majority get out on the 1st or 2nd parole, 1st with no prior prison record, second if the record is from the distant past. This means that after about 1/4 - 1/5th of the sentence - you go home. The exceptions are: DWI's - they stay forever, those who've violated a parole with a new charge, those with large drug quantities and those with repeated same type of convictions. If your on the what I call "the shit list" your sentence just went from 1/4 - 1/5 to 1/2 - 3/4 or more. Big difference the more years that are given. So predictable are TDC's parole habits, those pleading guilty depend on it's great deal when assessing the relevant options to in fact plead out. All I knew was that they had me down for 50 lbs, which was too much, but nothing like in excess of 300 lbs. Furthermore, I wasn't told the prosecution would send their entire record to TDC parole & get to sell it on their own terms. Pictures of the same plants to make it look like more plants, pictures of only the biggest plants, lies about the size, weight, etc. etc. This is not pleading with an informed, knowing assessment of the facts. The attorney never advised me they claimed in excess of 300 lbs. for 40 plants.

Bottom line, Mr. Hoover never discussed discovery and left me totally in the dark about the facts of the case while dishing out threats. To this day I've never seen discovery.

cont.

Again, had I of Known of the above facts I would not have choose to plead guilty. Had I heard the stipulation correctly, I would have been outragged. It was only the Counsel's failure to advess the inclusion of excludable materials on the weight element that first set me a fire, when denied parole.

Finally, to further illustrate Counsel's incompetence, I must point out to this Court that the very law he cites to cover up his lies is inaccurate. Clerk's Record 49, last sentence, "I explained to him that the State would have to prove "stripped wieght"..." Id. at 50, 2nd parag., "I also discussed the fact it would be the State's burden to prove....stripped weight..." WRONG! The defense has the burden to show excludable materials! See, Doggett v. State, 530 S.W.2d 552, 555-56 (TexCrim App 1975); Elkin v State, 543 S.W.2d 648, 650 (TexCrApp 1976). Id. at 49, 2nd parag., "I explained to the defendant that, in my experience, it would be difficult to prevail on a motion to suppress in his case as the owner...had consented to the search." WRONG! When a consent to search is contested the State has the burden to prove by clear & convincing evidence it was given voluntarily and a matter essentially free & unconstrained. Montanez v State, 195 S.W.3d 242 (TexApp 2006); Dickey v. State, 716 S.W.2d 499, 504 (TexApp 1986) Meeks v. State, 692 S.W.2d 504, 509 (TexApp, 1997). Counsel also stated he worried of confessions the police fabricated. Art 38.22, TexCodCrP, says such are inadmissible unless recorded. See, Davidson v State 25 S.W.3d 183 (2003) cf. Ramirez v State, 105 S.W.3d 730 (2003); & Morris v. State 897 SW.2d 528 (1995)

Thank You for Your Time. Dated Nov. 3rd 2015    *Ricky J. Shugart*

(a) See, Clerk's Record, p 16, Ground Four.

RICKY J. SHUGART, Pro Se
5120 CR 2025
Ivanhoe, TX 75447



<u>CERTIFICATE OF SERVICE</u>

EX PARTE: RICKY JOE SHUGART

In the case of: ~~Shugart, Ricky J vs Thompson, David, et al,~~

civil action no: ~~CV-15-42330~~ CR-13-24788-A

In the 336th Judicial District court Writ of Habeas Corps

I, Ricky J. Shugart, do hereby certify under penalty of perjury that the below stated legal documents have been submitted in good faith and to my personal knowledge and the matters asserted therein are true & correct in so far as they depict & to had such direct knowledge, and that on this 3rd day of November, 2015, I placed a true & correct copy of said legal documents in 1st class mail postage paid, in the United State Postal Service to the below identified Respondents or their representatives at the address cited.

R.J. Shugart
RICKY J. SHUGART

① Supplement II OF WRIT
Unblinded New Facts Just Keep Submerging

To: Richard E. Glaser, Criminal D.A.
101 E. San Rayburn Drive, Suit 301
Bonham TX 75418